**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Annette-Lynn McKenna, | No. CV-22-08016-PCT-SPL |
| Plaintiff, | |
| vs. | **ORDER** |
| HP Incorporated, et al., | |
| Defendants. | |

Before the Court is Plaintiff's Complaint (Doc. 1), which the Court reviews *sua sponte* for subject matter jurisdiction. *See Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 673 (9th Cir. 2012); *Franklin v. Murphy*, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989). While the particular factual basis for the Complaint is muddled and impossible for the Court to summarize, Plaintiff's underlying grievance is with COVID-19 vaccines. Plaintiff names 101 Defendants—including the President of the United States, the governors of 48 states and two U.S. territories, other state and federal officials, several public health experts, a spattering of pharmaceutical company executives, and a host of people associated with HP, Inc., among others—as well as up to 20,000,000 fictional defendants who may have acted in concert with them. Plaintiff alleges 26 counts ranging from fraud and conversion to genocide and international terrorism. Plaintiff seeks a permanent injunction and $162 billion in damages. (Doc. 1).

Federal courts are courts of limited jurisdiction, so a party that brings a case in

federal court must establish that the court has jurisdiction to hear the case under the Constitution or by statute. *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011). "If facts giving the court jurisdiction are set forth in the complaint, the provision conferring jurisdiction need not be specifically pleaded." *Id.*

Nonetheless, the Court will begin by examining the basis for jurisdiction asserted in Plaintiff's Complaint, which is diversity jurisdiction pursuant to Article III, Section 2 of the Constitution and 28 U.S.C. § 1332. Diversity jurisdiction exists when a case is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. There must be complete diversity of citizenship, meaning the plaintiff must be a citizen of a different state than each defendant. *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1095 (9th Cir. 2004).

It seems that Plaintiff's Complaint attempts to obscure the determination of her citizenship, referring to Plaintiff at various times as a "non-person, non-citizen, non-resident . . . non-participant in any government programs, a living flesh and blood woman standing on the ground"; a holder-in-due-course of documentation of a trust entity representing a corporate fiction sharing her name; a "'transient foreigner' without legal domicile"; and a "'stateless person' . . . outside any/all general jurisdiction of the federal government." (Doc. 1 at 7–8). These descriptions are nonsensical. All indications suggest that Plaintiff is a person, and even if Plaintiff were not a person, it would then need an attorney to represent it before the Court. *See Curry v. GMAC Mortg.*, No. CV 10-08014 MMM (PLAx), 2010 WL 4553503, at *2 (C.D. Cal. Nov. 3, 2010) ("While 28 U.S.C. § 1654 permits 'parties' to prosecute cases *pro se*, this privilege does not extend to non-persons.").

Having disposed of the notion that Plaintiff is not a person, the Court also disposes of the notion that Plaintiff lacks citizenship or domicile. Courts have "repeatedly and emphatically rejected" such sovereign-citizen-type assertions. *Farrell v. Internal Revenue Serv.*, No. CV-21-00697-PHX-DGC, 2021 WL 4748778, at *3 (D. Ariz. Oct. 12, 2021). Based on Plaintiff's Arizona address, it is apparent that she is an Arizona citizen. *See Bey*

*v. Geiser*, No. EDCV 19-844 JGB (SHKx), 2019 WL 4422678, at *2 (C.D. Cal. July 24, 2019). Certainly, Defendant Ducey, the Governor of Arizona, is also an Arizona citizen. Because Plaintiff shares citizenship with at least one Defendant, this Court does not have diversity jurisdiction.

The Court will proceed to consider whether it has federal question jurisdiction. Under 28 U.S.C. § 1331, federal courts have jurisdiction over cases "arising under" federal law. Here, Plaintiff's claims can be sorted into three categories: (1) constitutional claims, (2) federal criminal claims, and (3) state-law tort claims. The third category plainly does not arise under federal law, but rather under state law. The second category is also insufficient to establish federal question jurisdiction, because none of the federal criminal statutes that Plaintiff cites create a private right of action. *See Riley v. Quality Loan Serv. Corp.*, No. 3:18-cv-1297-WQH-AGS, 2019 WL 157838, at *1 (S.D. Cal. Jan. 10, 2019) (finding a criminal statute that does not create a private right of action "cannot support the exercise of federal question jurisdiction").

Finally—and the Court could have dismissed the entire Complaint for lack of subject matter jurisdiction on this basis alone—Plaintiff's constitutional claims are "essentially fictious, wholly insubstantial, obviously frivolous, and obviously without merit" such that they fail to invoke the jurisdiction of this Court. *Hagan v. Lavine*, 415 U.S. 528, 536–37 (1974) (internal quotation marks and citations omitted). It is difficult to capture just how baseless Plaintiff's claims are. Plaintiff makes no effort to specify how the allegations in the Complaint amount to a constitutional violation, instead making conclusory assertions that unspecified "edicts" enacted and enforced by Defendants violate the rights protected by the First, Second, Fourth, Fifth, Eighth, Ninth, Tenth, and Thirteenth Amendments. Again, the underlying basis for Plaintiff's Complaint is not firearms, not state sovereignty, not slavery, but her opposition to COVID-19 vaccines, and the Complaint fails to present any inkling that any Defendant—much less all of the Defendants—have violated the Constitution. In fact, when alleging each count, the Complaint merely refers to "Defendants" collectively—a disparate group that includes

the President, 50 governors, federal officials, state officials, public health experts, pharmaceutical executives, and HP, Inc. board members and employees. The Complaint wholly fails to allege any actionable claim under federal law. Thus, the Court finds no basis for subject matter jurisdiction and must dismiss the Complaint. The Court need not, and will not, grant leave to amend. *Cf. Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Accordingly,

**IT IS ORDERED** that the Complaint is **dismissed without prejudice**. The Clerk of Court shall enter judgment accordingly and **terminate** this action.

**IT IS FURTHER ORDERED** that all pending motions are **denied as moot**.

Dated this 4th day of February, 2022.

Honorable Steven P. Logan
United States District Judge

4